Chief Justice Robertson
delivered the Opinion of the Court.
The only question presented in this case, is, whether the general court erred in sustaining a demurrer to an answer, in the nature of a cross bill, which was filed in 1832, by the executors and heirs of Thomas Madison, deceased, against the executors and heirs of Caleb Wallace, deceased, and the executors and heirs of William Logan, deceased, in a suit in chancery then pending in the said court, and which had been remanded by this court, in 1828, for further proceedings.
The case of Madison’s Executors &c. vs. Wallace’s Executors, 2 J. J. Mar. 581, will furnish a history of the case in the general court, until the decree of that court, in favor of Caleb Wallace against Madison’s executors and heirs, for five thousand dollars, with interest and costs, was reversed, and the case was remanded.
The answer, in the nature of a cross bill, which the executors and heirs of Madison filed in 1832, alleges,. among other things, that Caleb Wallace, who died in the year 1814, had, in his, life time, collected from them a part of the sum for which he had, in 1820, obtained the decree against them ; and that, after his death and before the reversal of the decree, they-had paid the residue to William Logan, who was one of his executors, and to whom he had devised the benefit of the decree ; that, after the decree had been reversed, and the case remanded, the executors of Wallace, apprehending that, according to the principles settled by the opinion reversing the decree, they could never obtain another decree for as much as had been collectéd, had failed to re *62 v¡ve or to prosecute the suit in the general court, and, therefore, the answer prays that the suit be properly revivpd and prosecuted to a final hearing; that, if it shall be so prosecuted, and another decree shall be rendered against the executors and heirs of Madison, for a sum less than that which was first decreed, and which had been paid, the difference between the two sums should be restored to them ; and that, if the suit should not be thus prosecuted, or being, so prosecuted, there should be no decree against them, the court would decree to them restitution, from some or all of the parties to the cross bill, as should, upon a full investigation, be deemed most equitable.
Objections to the oross bill,
An erroneous beel^8satisfied^ and afterwards fendant is enti'tled io restituhe, or his executor, hens and. devisees, or the representatives ofa. devisee who cree, or part of That * Bthe*a WU does not show colkcTcd*1 '"by each, or eitherground*Vor deí muner-that by*^he answers and proofs, and by Its0'decree’ settle the hábilmes and rights of all parties.
Three principal objections are urged in this court against the cross bill: first, that it contains no equity : second, that the general court had no jurisdiction over it: and, third, that it improperly joins parties who ought not to be joined, and does not make the proper parties.
Neither of these grounds is sufficient, in the ojiinion of this court, for sustaining the decree on the demurrer.
First. If, as alleged, the plaintiffs in error paid to Ca- ^ Wallace, or to his executors or devisee, the amount of the decree prior to the reversal, and in consequence °1 the decree, and not in consequence oí a lair compromjso of the matters then in controversy, there can be no doubt (unless something exist to the contrary, not infer-j.¡qie from the cross bill,) that either the representatives ' oí Wallace or those ot Logan, or both, should make restitution, either in kind or in value. The bill is not as specific and precise in its allegations as (to have been Pei'fectly satisfactory) it should have been. It does not state whether .the heirs, or executors, of Madison satisfied ^,e decree 5 no>' whether it was discharged in money, in land, or how; nor does it state precisely how much was Pa'd to Logan. Nevertheless, it imports that the amount of the decree was paid by the executors and heirs' of Madison, and to Wallace and to Logan as his devisee and executor ; and we do not consider it indispensable that the allegations should be more explicit. Answers to those allegations, and proofs which mav be taken under them, mav exhibit the whole truth m such a *63 lightas to enable the court to do exact justice between all persons concerned. And in such a case, we cannot doubt that a court of equity may take cognisance of the matters set forth in the cross bill — for the purpose of making restitution, and of equalizing justice between the executors and and heirs of Madison, as well as the executors, heirs and devisees of Wallace.
The court that rendered an erroneous decree, has, after a reversal, power to order restitution. If the cause, being remanded, is stil! pending, the res titution may he applied for by a cross bill — in which new matter of defence may also be introduced, to defeat, or diminish the complainant’s recovery.
All parties to a cause in the ct. ofappeals, continue to be parties in the court below,when the cause is remanded, and need not be summon ed.
íng a suit, and ¿ves1 feüto'rí vive it — thedefendant, or his representatives, may, nevertheless, file and maintain their cross bill,which may proceed, If a complainant dies, pendrevivor of the latter. and be heard before the original bill, or without any
Second. After the reversal of the erroneous decree, the court which rendered it had unquestionable power to order restitution of any money that had been coerced or been paid in consequence of the error of the court; and, as the case in which the erroneous decree was made had not. been disposed'of in the general court, an answer in that case, filed as a cross bill, was an appropriate mode of applying for restitution. But the object of the cross bill is not to obtain restitution merely as such, but also, and in the first instance, to shew new matter occuring since the date of the decree which has been reversed, and which new matter will prevent the defendants in error from obtaining another decree in the furthur progress of the case under the opinion and mandate of this court. At law, such matter should be pleaded as in a plea puis darrein continuance: in chancery it may be the subject of a cross bill. Cooper’s Equity, 86.
The death of Wallace presented no obstruction to the filing of the cross bill: first, because his- death occured prior to the reversal of the decree, and his representatives, being parties in this court, were parties in the general court after the case had been remanded to that court for further proceedings : second, because, had Caleb Wallace died since the return of the case to the general court, and thereby the suit had abated, neverthee ss, a cross bill to revive and to obtain ultimate reparation for the loss imposed by the error of the general ,Usually court, would have been allowable and proper the cross bill and the original progress parri.passu and are heard together. But, if ihe original be permitted to abate, and a cross bill be filed before a revivor, the cross hill may be heard first and by itself. Cooper (p. 88) *64 -says — <c an original bill being abated and not being revived until after a cross bill was filed has been held there* by to lose its priority.” Thus shewing that a cross bill may be filed after the original shall have abated by death, and before it' shall have been revived.
All joint defendants to an onnal bill, may properly unite
To a bill for rementsmadeun» der an erronedecree — ithecre ditor having difid --his ex’ors if he, in his life after’his death’ collected any part of the money, are proper deft’s;so also, the^cree^who collected part of únd^hetrs'T so also, are all the see^of'the'par-"y who recoviseous decree™'
Third. Nor is there any misjoinder, or fatal nonjoin¿er 0f partjes ; as the executors and heirs of Madison were joint defendants m the suit in the general court, j jointly liable to the decree, it was proper for them to unite in filing the answer in the nature of a cross bill.
Wallace’s executors were proper parties, because Wal^ace obtained the decree, and devised it by his will; or because he,collected a part of the sum decreed to him ; or because it was collected by his executors or with their consent — at least, these facts , or some of them, must be inferred from the allegations of the cross bill. Logan’s rePresentafaves were certainly proper parties, if, as alleged in the cross bill, he collected a part of the five thousand dollars and appropriated it to his own use as . 1 r 1 the devisee. Had they not been made parties, Wai^ace’s representatives would have had good cause for objecting to the cross bill. And certainly, the plaintiffs *n error had a right to make the-heirs or devisees of Wallace also parties, and we cannot decide, from the cross bill, whether they should be styled heirs or devisees, or both. It might have been more regular to have 11:1 acle Gholson and Baker parties, but the omission is no cause for general demurrer. We cannot perceive what necessary party has been omitted.
Wherefore, it seems to us, that there is no essential misjoinder or nonjoinder of parties.
Being therefore of the opinion, that the cross bill contains equity, prima facie; that .the general court has jurisdiction, and that there is no essential defect in parties, the decree of the general court, sustaining the demurrer to the cross bill, is deemed erroneous.
Wherefore, it is decreed and ordered, that said decree be reversed, and that the cause be remanded for further proceedings consistent with this opinion, and for such final decree on the original bill (if it shall be prose- *65 anted) and on the cross bill (whether the original shall be prosecuted or not) as, from the ultimate aspect of the ease, shall seem to be equitable as between all parties concerned. What that final decree should be — whether for or against the plaintiffs in error, or, if1 for them, to what extent, or in what mode, or against whom, or to what extent, or in what mode, this court cannot foresee or direct — as the whole case may depend on facts hereafter to be disclosed, and which are not intimated in the cross bill.
The plaintiffs in error must have a decree for their costs in this court.